IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHIRELY WEERHEIM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J.R. SIMPLOT COMPANY, )<br>)<br>Defendant. )<br>_____) | Case No. CV-05-20-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Plaintiff Weerheim brought this Title VII case against Simplot after she was fired for driving her dozer into a blasting zone. Following trial, the jury awarded a verdict for Simplot on two claims but was unable to reach a verdict on the sex discrimination claim. The case was then reassigned to this Court and a trial date set for July 30, 2007.

The Court has before it numerous pre-trial motions. Counsel have identified two of those motions that need to be resolved immediately, and the Court will do so below.

**Memorandum Decision and Order – Page 1**

1. **Motion to Compel Attendance of Witnesses at Trial**

Rule 45(b)(2) authorizes the service of trial subpoenas "at any place without the district that is within 100 miles of the place of the . . . trial . . . ." Weerheim served trial subpoenas on two witnesses who are within 100 miles from the courtroom "as the crow flies" but further than 100 miles by the shortest route of travel. Counsel agree on these distances. Weerheim seeks a ruling that the service was valid under Rule 45(b)(2).

The Ninth Circuit does not appear to have ruled on this issue. With regard to a similar 100-mile limit contained in Rule 4(k), the leading treatise on federal procedure reached this conclusion: "[T]he modern trend is to measure the distance in a straight line so that the area in which service can be made can be indicated by a circle with the place of trial as its center and the 100 miles represented as the circle's radius. Measurement in this manner has the additional advantage of eliminating controversy as to what is the ordinary means of public travel and the usual route to the place of service." 4B Wright and Miller, *Federal Practice & Procedure*, § 1127 at p. 260, n. 1 (2002). The same treatise concludes that with regard to Rule 45(b)(2), the straight line method is the best measurement because in most cases it "would be simpler and would cause less argument and ambiguity." 9A Wright and Miller, *Federal Practice & Procedure* at § 2461 at p. 62 (1995).

**Memorandum Decision and Order – Page 2**

The Court finds this analysis persuasive. Simplot argues, however, that the District Judge who presided at the first trial held that the distance should be measured by the shortest route of travel. While he did so state from the bench, counsel had not filed any motion or briefing, and had not given him any opportunity to research the issue. In contrast, the issue has now been presented squarely by motion – fully briefed – and the Court has had an opportunity to examine the authorities. That examination establishes that the motion should be granted, and the Court will so rule.

### 2. Motion to Quash Subpoena Concerning Bill Helm

Weerheim has served a trial subpoena on witness Bill Helm who responded by filing a motion to quash. Helm states that he is caring for his mother, aged 89, who suffers from "severe congestive heart failure." If he attended trial in Pocatello, he would have to travel about 127 miles (one-way) from Smoot, Wyoming. He states that his mother's physicians have told him that she "may pass away at any time due to her congestive heart failure."

Weerheim argues that Helm is working each day and could just as easily spend the day in Pocatello as at work. However, his attendance at this trial would make it more difficult for him to return home for an emergency. While at work, he is just 27 miles from home; if at trial, he would need an extra 90 minutes or so to

**Memorandum Decision and Order – Page 3**

return home.  Given his mother's age and condition, that 90 minutes may make an important difference to Helm.

Accordingly, the Court will grant the motion to quash.  The Court will, however, condition this ruling on Simplot making Helm available for a video deposition in Smoot, Wyoming (or some other mutually agreeable site such as the Simplot plant), if Weerheim elects to take it.  The Court will expect counsel to work together on scheduling if that becomes necessary.[1]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel the personal appearance of witnesses at trial (Docket No. 130) is GRANTED.

IT IS FURTHER ORDERED that the motion to quash subpoena concerning Bill Helm (Docket No. 134) is GRANTED on the condition that Simplot make Helm available in Smoot, Wyoming (or some other mutually agreeable site such as the Simplot plant) for a video deposition, if Weerheim elects

---

[1] While Simplot raises again its 100-mile argument, there is no dispute that Smoot, Wyoming is within 100 miles of Pocatello if the distance is measured in a straight line.  The Court's earlier analysis of this argument applies with equal force here.

**Memorandum Decision and Order – Page 4**

to take it, at a mutually agreeable time.



DATED: **July 23, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 5**